YUN QING XIAO, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–3215–AG.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, T.J. Johnson, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DE-

CREED that the petition for review is DENIED.

Yun Qing Xiao, a native and citizen of China, petitions for review from the immigration judge's ("IJ's") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA's decision affirms the IJ's holding but modifies or supplements it, this Court will review the IJ's decision as modified or supplemented by the BIA. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 270 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d ir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–87 (2d Cir.2000).

■ In this case, the BIA and IJ found numerous and serious inconsistencies between Xiao's testimony and other evidence which went to the heart of her claim: (1) Xiao testified that she received an abortion summons from the family planning authority, but she failed to mention the summons in her own asylum application and there was no mention of the summons in letters submitted by Xiao's husband and father; (2) Xiao testified that her husband was frequently interrogated because of his position as a leader in Falun Gong, but she failed to mention the interrogations in her own asylum application and there was no mention of the interrogations in letters submitted by Xiao's husband and father; and (3) Xiao testified that she is a practi-

tioner of Falun Gong, yet her testimony regarding Falun Gong was evasive, unresponsive, and limited. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales*, 331 F.3d at 307 (internal quotations omitted)). Furthermore, the IJ and BIA found that the corroborating evidence was questionable because of the serious omissions in terms of the stories told by Xiao on direct examination. Substantial evidence supports the BIA's and IJ's adverse credibility findings.

■ Xiao has not challenged the IJ's denial of her CAT claim in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.